```
SLT:UD
F.# 2010R01661
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    <u>PLEA AGREEMENT</u>

    - against -                               11 CR 486 (S-1)(DLI)

FABIAN MIHAJ,

               Defendant.

- - - - - - - - - - - - - - - -X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and FABIAN MIHAJ (the "defendant") agree to the following

        1.    The defendant will plead guilty to a lesser-included offense within Count Three of the above-captioned superseding indictment, charging a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), and carrying the following statutory penalties:

        a.    Maximum term of imprisonment: 20 years (21 U.S.C. § 841(b)(1)(C)).

        b.    Minimum term of imprisonment: 0 years (21 U.S.C. § 841(b)(1)(C)).

        c.    Minimum supervised release term: 3 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision

        (18 U.S.C. § 3583(e); 841(b)(1)(C)).

    d.  Maximum fine: $1,000,000
       (21 U.S.C. § 841(b)(1)(C)).

    e.  Restitution: N/A
       (18 U.S.C. § 3663).

    f.  $100 special assessment
       (18 U.S.C. § 3013).

    g.  Other Penalties: Criminal Forfeiture as described in paragraphs 5 through 10 below.

    h.  Other penalties: removal, as set forth below in paragraph 11.

  2.  The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case.  The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence.  The Office estimates the likely adjusted offense level under the Guidelines to be level 26, which is predicated on the following Guidelines calculation:

Base Offense Level (2D1.1(c)(7))                          26[1]

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 24 and a range of imprisonment of 51 to 63 months, assuming that the defendant falls within Criminal History Category I.  Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before April 17, 2013, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 23.  This level carries a range of imprisonment of 46 to 57 months, assuming that the defendant falls within Criminal History Category I.  The defendant also stipulates that his Guidelines sentence should be calculated based on a drug type and quantity of at least 100 kilograms of marijuana, and waives any right to a jury trial or <u>Fatico</u> hearing in connection with such issue.

---

[1] Pursuant to paragraphs 13 and 14 below, the defendant may be eligible for an additional two-level reduction for a global disposition under U.S.S.G. § 5K2.0.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 63 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 12(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. §

3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

      5.    The defendant consents to the forfeiture of all of his right, title and interest, if any, in: (1) all right, title and interest in the real property located at 300 Mamaroneck Avenue Apt. 325, White Plains, NY; (2) all right, title and interest in the real property located at 2797 Mandalay Beach Road, Wantagh, NY; (3) all right, title and interest in the real property located at 64 Crotty Avenue, Yonkers, NY; (4) all right, title and interest in the real property located at 24 Seagull Lane Lincroft, NJ 07738; (5) all right, title and interest in a 2010 Grey Volkswagen Jetta with New York Registration Number EVB3720; (6) all right, title and interest in a 2006 Blue Buick Rendevous with New York Registration Number DRP3365; (7) all right, title and interest in a 2007 Grey Cadillac with New York Registration Number EXB9982; (8) all right, title and interest in a 2007 Grey Audi A8 with New York Registration Number FCW9455; (9) all right, title and interest in a Grey Nissan 350Z with Florida Registration Number PEA2Q; (10) all right, title and interest in a 2008 Black Cadillac Escalade with New York Registration Number FHR1121; (11) all right, title and interest in a 2007 Grey Jeep Grand Cherokee Cadillac with New York Registration Number ECT6888; (12) all right, title and interest

in a 2009 Acura TSX with New York Registration Number EJT3935; (13) all right, title and interest in a Grey Volkswagen Golf with New York Registration Number ERK4718; (14) all right, title and interest in a 2008 Green Volkswagen Passat with New York Registration Number DFN2049; (15) all right, title and interest in a 2007 Nissan with New York Registration Number DVE9907; (16) all right, title and interest in a Blue Nissan Altima with New York Registration Number EHA5720; (17) all right, title and interest in a Grey Infiniti G35 Nissan with New York Registration Number ENA7984; (18) all right, title and interest in a White Mercedes Benz E55 with New York Registration Number CMP5959; (19) all right, title and interest in a Grey Cadillac DeVille with New Jersey Registration Number DZZ46; (20) all right, title and interest in a 2007 Grey Toyota Sequoia with New York Registration Number CTL6853; (21) all right, title and interest in a 2006 Black Lincoln Navigator with New York Registration Number ETM3164; (22) all right, title and interest in a Black Lincoln with New York Registration Number FBE3831; (23) all right, title and interest in a Grey Chevy Tahoe with New York Registration Number ENF2892; (24) all right, title and interest in a 2008 Black GMC Yukon with Pennsylvania Registration Number HCF9792; (25) all right, title and interest in a 2007 Black Chevy Tahoe with New York Registration Number EVV1312; (26) all right, title and interest in a 2007 White Cadillac Escalade with New York

Registration Number EVS6165; (27) all right, title and interest in a Grey Pontiac Grand Prix with New York Registration Number ESD6545; (28) all right, title and interest in a Grey Mercedes Benz with New York Registration Number FCY 2915; (29) all right, title and interest in a Grey Mercedes Benz 500 with New York Registration Number EDE6255; (30) all right, title and interest in a Grey Mercedes Benz SL5 with New York Registration Number DMM8246; (31) all right, title and interest in a 2008 Black Cadillac Escalade with New York Registration Number FHR1121; (32) all right, title and interest in a White Mercedes Benz with New York Registration Number ESR9299; (33) all right, title and interest in a 2010 White Dodge Ram 1500 with New York Registration Number EWD1800; (34) all right, title and interest in a Black Chevy Cavalier with New York Registration Number EUG5973; (35) all right, title and interest in a 2008 Black Lincoln Navigator with New York Registration Number EPU8066; (36) all right, title and interest in a Grey GMC Yukon with New York Registration Number EMZ1851; (37) all right, title and interest in a Black GMC Yukon with New York Registration Number EYD7688; (38) all right, title and interest in a 2010 Black Subaru Legacy with New Jersey Registration Number ZLG20G; (39) all right, title and interest in a 2008 White Range Rover with New Jersey Registration Number YDY67M; (40) all right, title and interest in a Grey Chevy Impala with New Jersey Registration Number ZZZ46X;

(41) all right, title and interest in $180,000.00 in United States currency seized on July 2, 2010; (42) all right, title and interest in $155,000.00 in United States currency seized on October 13, 2010; and (43) all right, title and interest in $300,00.00 in United States currency seized on March 11, 2011; (44) all right, title and interest in at least $6,460 in United States currency seized from the residence of defendant BRIAN DUBLYNN at the time of his arrest; (45) all right, title and interest in at least $5,900 in United States currency seized from defendant SELMAN LAJQI at the time of his arrest; (46) all right, title and interest in at least $4,000 in United States currency seized from defendant MAL REXHA at the time of his arrest; and (47) all right title and interest in at least $14,000 in United States currency seized from the residence of defendant GJAVIT THAQI at the time of his arrest and allegedly claimed by defendant MAGDALENA NIKOLLAJ (also known as "Magdalena Karaqi"). (Items 1 through 47 collectively the "Forfeited Assets").

      6.   The defendant agrees that the Forfeited Assets constitute property involved in the defendants' violation of 21 U.S.C. § 846 and/or are property derived from proceeds the defendant obtained, directly or indirectly, as a result of the violation of 21 U.S.C. § 846, and/or are property traceable to such property, and/or are a substitute asset as defined in 21 U.S.C. § 853(p), and thus are subject to forfeiture to the United

States.  The defendant agrees to the entry of a Preliminary Order of Forfeiture as to the Forfeited Assets.

7.  The defendant agrees to fully assist the Government in effectuating the surrender of the Forfeited Assets and to take whatever steps are necessary to ensure that clear title thereto passes to the United States.  The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding.  The defendant agrees that the forfeiture of the Forfeited Assets is not to be considered a payment of a fine or a payment on any income taxes that may be due.

8.  The failure of the defendant to forfeit the Forfeited Assets as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this plea agreement.  Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.  Upon such a breach, the Office may, among other things, exercise the remedies outlined in this agreement and in the Preliminary Order of Forfeiture.

9.  The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture, including, but not limited to, notice contained in an indictment

9

or information that the government will seek the forfeiture of property as part of any sentence.  In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the Forfeited Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of the Forfeited Assets, including, but not limited to, any defenses based on principles of double jeopardy, the <u>ex post facto</u> clause of the Constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue.

       10.   The defendant agrees that the forfeiture of the Forfeited Assets is not to be considered a payment of a fine or a payment on any income taxes that may be due.

       11.   The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  Indeed, because the defendant is pleading guilty to narcotics trafficking, removal is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the

defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

12. The Office agrees that:

    a. no further criminal charges will be brought against the defendant for his participation in a conspiracy to import and distribute marijuana, during the time period from January 2001 to June 2011, as alleged in the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.;

and, based upon information now known to the Office, it will

    b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

    c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 12(b) and 12(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but

not limited to (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above, and (b) the provisions of paragraph 12(a)-(c)).

13. If the defendant (a) signs this agreement and enters a plea of guilty on or before April 17, 2013, and (b) the plea is accepted by a United States District Court Judge at or before the time the defendant is sentenced, then the defendant may be eligible to receive a reduction for Global Disposition pursuant to U.S.S.G. § 5K2.0, in accordance with the terms of paragraph 14 below.

14. This agreement is conditioned upon the following: (a) the defendants listed below (the "covered defendants") entering guilty pleas, pursuant to plea offers, on or before April 17, 2013; and (b) acceptance of those pleas by a United States District Court Judge at the time of the plea allocution. The covered defendants are:

        (i)        JOSEPH BUX

        (ii)       HASAN KURTI

        (iii)      VALTER MEMIA

        (iv)       FABIAN MIHAJ

        (v)        AGRON ZENELAJ

        (vi)       KUSHTRIM ABAZAGA

        (vii)      GIOVANNI DIFUCCIA

    (viii)  CARLOS ALVAREZ

    (ix)   ARVY EBRAHIME

    (x)   NIKOLA LUKAJ

    (xi)   MAGDALENA NIKOLLAJ

If all of the covered defendants satisfy conditions 14(a) - 14(b), the government will seek a two-level reduction for a global disposition under U.S.S.G. § 5K2.0.  If fewer than all of the covered defendants satisfy conditions 14(a) - 14(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial, and the Office may also elect not to recommend a reduction under the Guidelines for a global disposition.  No covered defendant will have the right to withdraw his guilty plea in any of those circumstances.

   15. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

   16. Apart from any written proffer agreement(s), if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in

writing and signed by all parties.  Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties.

To become effective, this agreement must be signed by all signatories listed below.

Dated:    Brooklyn, New York
                   , 2013

                                      LORETTA E. LYNCH
                                      United States Attorney
                                      Eastern District of New York

By: _____
    Una Dean
    Gina M. Parlovecchio
    Assistant U.S. Attorneys

Approved by:

_____
Steven L. Tiscione
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
FABIAN MIHAJ
Defendant

Approved by:

_____
James Kousouros, Esq.
Counsel to Defendant

15